Local 3599 v. EEOC Local 3599 v. EEOC Next, in case number 18-1888, AFGE Local 3599 v. EEOC, Ms. Hutchinson. Good afternoon, Your Honor. May it please the Court. I am Barbara Hutchinson, representing the petitioner, AFGE Local 3599. And this is an appeal from a denial of attorney's fees in an arbitration decision on a termination from employment by a mediator of the EEOC. And the arbitrator was John Dorsey, and he found in favor of the employee. The employee was the prevailing party, and we sought attorney's fees under the Back Pay Act. And in terms of the arbitrator's decision, Mr. Dorsey denied attorney's fees, the attorney's fees initially in his initial decision, he denied fees, and we requested reconsideration. And Arbitrator Dorsey denied the reconsideration. There was no analysis under the criteria of the Back Pay Act. There was no discussion, and we believe that Arbitrator Dorsey's decision was arbitrary and an abuse of discretion. Under the standards which apply under the Back Pay Act, the Federal Back Pay Act, if an employee is a prevailing party and prevails on reversing a personnel decision, an unwarranted and unjustified personnel decision, then the employee is entitled to an award of fees under the Act and under the standard for the interest of justice. And before Arbitrator Dorsey in the petition for reconsideration, we did request that he award the fees under the standards and criteria that require, you know, an award of fees under the Federal Back Pay Act. Can I ask you this? My recollection, just correct me if I'm wrong, is that the EEOC in response to your request for reconsideration really made two different arguments against fees. One was that they weren't justified under the interest of justice standard, and the second was that under this labor contract, there can't be fees. Do we know one way or the other whether the arbitrator might have denied fees by relying on the contract argument, which the EEOC does not press here? No, Your Honor, there's nothing in the record that would indicate that, and that's the problem in terms of the decision of the arbitrator. An arbitrator is bound by the same standards that apply to the Merit System Protection Board in deciding disciplinary actions that are appealable to the board, which this would have been an adverse action. And so he could not just arbitrarily deny the fees without applying the law that applies under consideration for fees before the Merit System Protection Board. And because we requested it under the Federal Back Pay Act, he would have had to have conducted an analysis. He could not just say, oh, well, I deny it. He has to conduct an analysis, and that is the law that applies before the board in consideration of attorney's fees. And I just want to make sure I understand what that analysis would entail. Would that involve the determination of whether it's in the interest of justice to provide those fees, which would in turn probably cause the arbitrator to look at the Allen factors? Do I understand that correctly? That is correct. That is the correct standard that must be applied. And that is the reason his decision must be reversed, because he did not conduct any analysis, and therefore his decision was arbitrary, and it would be an abuse of his discretion not to conduct any analysis. I believe that that was made very clear in Dunn and also Morrison, which we relied upon in our appeal, in our petition. And I believe that the arbitrator could not possibly just deny it and not assess those Allen factors. And in this case, we believe that the standards under Allen versus United States Postal Service have been met, and that this award of fees would have been warranted in the interest of justice. What if the arbitrator had simply said, I've analyzed the Allen factors and conclude that an award of fees would not be in the interest of justice here? I do not believe that you could do that under the requirements of Morrison and those things set out in Dunn. The arbitrator has to identify those things which he believes would have prevented the award of fees. He must analyze his decision in terms of the application of the Allen factors. And I believe Dunn was very clear about that, that you must actually look at the factors in light of the arbitrator's decision. So he couldn't just say, I don't want to award fees because I don't believe they're warranted. He would have to go back and review his decision and point to those things. I believe that that's necessary. Otherwise, how would one ever know what his basis for denial was, that what factors in his decision led him to reach that conclusion? Something you just said gave me pause. Are you suggesting that in deciding whether the Allen factors apply or not, he is limited to things that specifically he has noted in his decision? That is correct. And that is what Dunn pointed out. I thought Dunn was more a situation where the court was saying that the arbitrator could not change his mind as to some factors discussed in the award, as opposed to looking beyond the text of the award in deciding whether the Allen factors were present. I think that Dunn and I think that the... And you would almost necessarily be discussing things that wouldn't necessarily be permitted or required in looking at whether the dismissal was correct. Isn't that true? I'm not sure. Well, I'm sorry. The question was rather convoluted. Let me try again. Isn't it all right for the arbitrator once he's finished with the decision on the merits to say, okay, now with respect to fees, I have to look at some different things that are different from what I looked at in deciding whether this person should have been fired. And these other things I now will discuss. And if they aren't embodied in the opinion on the merits, that's okay. Isn't that all right? I don't believe that that is the law. And I don't believe that that would be consistent with Dunn or Morrison. I believe that both of those decisions say that if the person's the prevailing party, you cannot then start going afield of the decision that was made. Because if you did that, you would start to be... You could consider things that were totally outside the universe of what had been before the arbitrator. I think that that definitely would not be consistent with Allen, which says that the standards are whether or not the person prevailed on the merits, or they were substantially innocent of the charges, whether or not the agency's action was wholly unfounded. And all the other criteria under Allen, how would you then start bringing in matters that might have occurred post-hearing or pre-decision? I think that if you did that, then how would parties ever defend against such a thing? Because they would not know... How would they have the opportunity to come forward and say, oh, well, you know, Mr. Arbitrator or Hearing Officer, don't consider that factor because we have a defense against that. It would be an endless trail. So I think that the rulings in Dunn and Morrison are very consistent with saying that the arbitrator goes back or the hearing officer and looks at the decision to determine whether the criteria in the interest of justice have been met. Because it should be in the four corners of that decision whether those criteria have been met, and that's the basis for an award of fees. Can I ask you to try to help me understand the chronology of arguments about whether the diabetes issue and medication either did or did not account for the behavior on the day in question? Because in your filing to, I think, in responding to the proposed suspension, proposed removal, sorry, I guess supplemental appendix 102, you seem to be saying that although he has diabetes and his medication may have caused excessive sweating. However, on this day, the witness statements are evidence that Mr. Hamilton was not experiencing extreme side effects from his medical condition. Your Honor, if that is the supplemental appendix, I do not believe that was prior to, that was evidence that was prior to the arbitrator's decision and it was not up for consideration in a matter of attorney's fees. So if that is your reading on this. I guess here's what I'm trying to understand. Maybe in the arbitration, the record there was made that you were kind of relying on this explanation for the behavior during the day. But maybe if you had, maybe the deciding official, having been given essentially the opposite view, was acting reasonably in deciding to remove because the only sort of on the table explanation for this behavior, you on behalf of Mr. Hamilton was saying was not the explanation. Your Honor, I understand that question. However, that was not up for consideration in a decision on attorney's fees because the arbitrator's decision had been made and he decided that Mr. Hamilton and the union were the prevailing parties and that. Right, but maybe this just goes back to what Judge Bryson was exploring for you. The seemingly most relevant of the Allen factors is whether the agency's action was clearly without merit, was wholly unfounded, whether the employee is substantially innocent of the charges. Does it really not matter what the deciding official knew at the time of the decision to remove? I believe that Morrison and Dunn are instructive on that. It does not. It is the decision that must be looked at to determine whether attorney's fees are warranted. As I said, if you could go back behind the decision, then you would be, it would be endless. You could go back and re-argue the whole case. But once the person was the prevailing party, then from that point forward, you're looking at the decision to determine whether or not the Allen factors were met. And in this case, there was no question that Mr. Hamilton and the union were the prevailing party. They prevailed on the merits and he found that the agency's action and the charges were not substantiated. I think if you look at the appendix beginning at page 20 through 25, that is the arbitrator's decision where he found that he did not uphold the agency's charges. He also said that the employee had a one-time event and he could make that finding. There's no question he could make that finding, that the employee had a one-time event. But he said that the agency submitted no proof that the employee's behavior had any negative effect on the agency's reputation. That the deciding official failed to assign the correct burden of proof in terms of assessing the Allen, the Douglas factors. So that the arbitrator made findings which supported an award of fees in the interest of justice. Even if he had decided that he thought he had this medical event, which he said he believed he had a medical event, that doesn't substantiate a denial of fees because you don't have to prevail on every issue. Let me see if I understand your legal argument here fully. So suppose that the arbitrator had said, all right, I am cognizant of the fact that I really need to explain on the fees issue the reasons that I'm denying fees. So he first decides the case in your client's favor and says, based on the evidence that pertains to whether he should have been fired, I hereby find that that evidence is insufficient to support his firing. And then he says, and I'm going to continue because I'm now going to turn to the question of fees. And as to the question of fees, I conclude that even though it does not bear directly on whether he should have been fired or not, I think the government, in this case, the employer was acting in good faith. And that there was significant basis for their concluding that he should have been fired. Would that be all right, even though the fee portion of his opinion did not relate back to the firing portion of his opinion? But it did, because the employee doesn't have to prevail on all the issues. I understand. What I'm trying to posit is a hypothetical in which the judge or the arbitrator says, I'm now going to move to fees. And in discussing fees, I'm going to discuss factors that don't bear on whether he should have been or shouldn't have been fired. I'm going to discuss only the question of whether the government acted in bad faith and the other Alan factors. Would that be all right? That would be all right, because that is an Alan factor. And I understand that. And I may have misunderstood you previously. But that would be OK, because the arbitrator or deciding official, I'm sorry, the administrative hearing officer, is not going beyond their decision. They found that they believe that the government didn't act in bad faith, which is one of the factors they have to consider. Yes. I think we should hear from the government. Will we restore your rebuttal time? Thank you. May it please the court. The union has failed to meet its burden and established that an award of attorney fees here is warranted in the interest of justice. The arbitrator's decision not to award fees is not arbitrary nor capricious, but instead was supported by substantial evidence in the record, both within the arbitrator's decision itself, as well as within the appendix materials we provided. Let me ask you a question. Picking up on Judge Toronto's question to your opposing counsel. In the submission that was made, initial submission that was made by the government in response to the motion for reconsideration, the government argues two things. One, that under the Allen factors, there was no basis for a fee award. And number two, under the regulations, there was no basis for a fee award. Do you defend the argument that the regulations themselves provide an independent basis for denying a fee award? With respect to the collective bargaining agreement? Yes. No, that is not what we're arguing. So not only is not what you're arguing, I'm really asking do you think it's correct or wrong? The collective bargaining agreement, as we read it, states that the arbitrator's fees and expenses shall be borne equally by the parties. But that's the way I read it as well. That doesn't say anything about attorney's fees. It does not say anything about attorney's fees. So then how do we know, since those were two independent grounds that were submitted to the arbitrator for denying fees, how do we know that the arbitrator didn't rule on the basis of the argument that you made that the regulations themselves are sufficient basis for denying fees? The arbitrator's decision was silent with respect to the collective bargaining agreement. So we don't really know that the arbitrator didn't accept your second argument, do we? You cannot know 100% no. Why shouldn't we send this back to the arbitrator to tell us which was the basis? Because the arbitration decision itself, if you're looking, as my opposing counsel argues, just within the four corners of the arbitration decision, there's sufficient evidence to support not awarding attorney fees, not in the interest of justice, because the arbitrator found not that Mr. Hamilton's conduct was excusable due to a medical condition that Mr. Hamilton himself disclaimed, as the arbitrator stated at page, I believe it's appendix, page 22, that Mr. Hamilton consistently throughout the proceedings stated that he did not believe he had a medical condition, and the arbitrator found that Mr. Hamilton, because he never asserted it, the arbitrator was the one stating that this medical condition caused the conduct. Did he assert it in the arbitration proceeding? Did Mr. Hamilton assert that he had a medical condition? Not to my knowledge, Your Honor. The arbitration decision explicitly states that even during the proceedings, to my understanding, Mr. Hamilton stated no, there was no medical condition, and in the brief submitted by his counsel states that there's no medical condition for to explain his conduct on that day. And the four... Just to ask you a different question. It's not really that different. It goes to all of this, which is, when we're reviewing, though, for an abuse of discretion, how can we see if there was an abuse of discretion or not if we don't even know the basis on which the decision was made? Well, if this court can, I believe the language is, show the reasonable path to determine how the arbitrator reached his decision on attorney fees. But that goes to the question of, you know, I could see a reasonable path with the Allen factors, but if I don't know whether the board relied on the collective bargaining agreement argument or whether it relied on the Allen factors, how do I answer that? How do I know what the clear path was? The court could determine the clear path by, again, looking within the four corners of the agreement and determining whether the Allen factors are met. But if the court doesn't believe that there's sufficient explanation within the arbitration decision, then that would be reason to remand rather than reverse. But the substantial factors here clearly show that none of the Allen factors are met. Or I'm sorry, the substantial evidence. Because the arbitrator, importantly, didn't say that he disagreed with everything that the EEOC did. He disagreed with three specific points of the three specific charges in total, three specific points. He otherwise, he fully credited the testimony of Mr. Hamilton's coworkers with respect to the language that was used against them, his insulting them, his behavior that day. He fully credited Mrs. Johnson's testimony regarding Mr. Hamilton's decision, or I'm sorry, his actions that day. And he did not disagree, certainly, with the assertions that Mr. Hamilton failed to follow a direct order. And so all of the arbitrator's findings separately, again, with the exception of three specific points, he fully agreed with what occurred. And so he didn't find Mr. Hamilton to be substantially innocent, but rather that his conduct was excusable. And importantly, the arbitrator also found that Mr. Hamilton, again, he never apologized or attempted to excuse his conduct, including by providing the medical excuse which the arbitrator himself relies on. Essentially, the arbitrator here agreed with the EEOC and the substantial evidence set forth in the four corners of the arbitration agreement shows that none of the Allen factors were met. And if the court has further questions, I'm happy to answer. Thank you. Ms. Hutchinson? I have only a few items. I want to direct the court's attention to the appendix page. I guess it begins at page 20 of the appendix. This is the arbitrator's decision. And he says, first, there was insufficient proof Hamilton directed racial epithets personally to either Mr. or Mrs. Johnson. None of the interviews with the Johnsons provided support for that charge. He says, second, Mr. and Mrs. Johnson's statements and, I'm sorry, second, Mrs. Johnson's statements and her testimony at the arbitration hearing do include the charge Ms. Hamilton hit Mr. Johnson's leg and her foot. There was no proof that action rose to the level of assault, let alone as Director Farrell claimed, assault and battery. Third, he says, I can find no basis for Hawthorne citing the FBS conclusion that Hamilton's appearance, physical changes in speech, strongly indicated and intoxicant. And he says at page... Page 7 was a one-time event. He had an unblemished record. And he also says, the EEOC case and Farrell's final determination contained no proof that Hamilton's behavior had any negative effect on the agency's reputation. Of prime importance, there was no investigation or consideration Hamilton's unusual behavior that day was caused by his obvious medical condition. I do not believe that the arbitrator in any way in this decision upheld the agency's determination that an event that they substantiated their burden of proof in terms of terminating Mr. Hamilton. And I think that the arbitrator's decision in not applying the standards that are required under the Allen factors and in denying attorneys fees is arbitrary and it's an abuse of discretion. I do believe that the decision contains the information that would substantiate an award of fees and we would ask that the court... Can I just ask you one clarifying question? I think Ms. Murdoch-Park said not only... Well, said that in the arbitration itself, you did not rely on the medical condition to explain the behavior. Is that correct? That is correct. Could I ask you one other question? Yes. In your argument, in your brief, you argue essentially two points. One is the one that you've just made, which is it was an abuse of discretion to deny fees in this case. And the other argument, as I read your brief, is that the arbitrator at least should have explained the reasons under the Allen factors for why there was a denial. Now, the latter argument, I didn't see you make to the arbitrator in your motion for reconsideration. Is that right? Yes. Yes, we did. Yes, we did. You made the argument that the arbitrator should have given an explanation as opposed to that the denial of attorney's fees was an abuse of discretion. Oh, no, we did. We set out in the reconsideration before the arbitrator because he had not given any reason in his decision. The reconsideration request for the union is at appendix... 58 through 60. No, it's... Yeah. Yeah, 58 through 60. Yes, and we argued the factors that he must use, the standard that he must use. But no, we did not say that he had abused his discretion in denying fees. I don't believe I can... My question really was, did you make the argument that it was error for him not to have given reasons? I think I did. I want to... I didn't see. I want to be... Perhaps... I want to make sure I tell you the right thing. I don't want to... No, we did not say that. No, we didn't. Thank you very much. Thank you. Thanks to all counsel and the cases submitted.